IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| APOSTLE BISHOP VERONICA J. TATE, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-19-379 |
| MILLIE F. RICE, | * | |
| BISHOP NOEL JONES, | | |
| NOEL JONES, | * | |
| Defendants | * | |
| | *** | |

# ORDER

Plaintiff Veronica J. Tate, a resident of North Carolina, filed this personal injury complaint seeking unspecified damages against the named Defendants, who reside in Maryland and California. The complaint allegations read, in toto:

> Possession heritage key, dynasty pre miles, rewirtes; traffic u.s. mail NC, Baltimore md.  hassassments by police, at his attorney ed judge creditcard, back state, drafts.  (misspellings in the original).

Tate filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such a Complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir.

1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

The complaint is incomprehensible. Tate has filed no previous actions in this Court which might suggest the nature of her claim, nor is it apparent that she has pursued an action against any of the named Defendants in the Maryland state courts.[1]

A complaint that is totally implausible or frivolous, may be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Fed R. Civ. P 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative). Tate has failed to articulate any allegations and her jumbled "claim" appears to be the product of fantasy or delusional thought, neither of which may be suitably addressed by this Court or the named Defendants. The complaint does not provide any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on Tate's behalf for which the named Defendants should be required to respond.

Accordingly, it is this 13th day of February, 2019, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;

2. The Complaint IS DISMISSED;

---

[1] *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis (last reviewed February 13, 2019).

3. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff; and

4. The Clerk SHALL CLOSE this case.

                                                     /s/
                                    RICHARD D. BENNETT
                          UNITED STATES DISTRICT JUDGE